# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Cheesecake Funk LLC d/b/a Cheesecake Funk, individually and on behalf of all others similarly situated, | Case No 3:26-cv-00400 |
| Plaintiff, | **REQUEST TO CONSOLIDATE ACTION** |
| v. | |
| Cal-Maine Foods, Inc., Rose Acre Farms, Inc., Versova Holdings, LLC, Hillandale Farms of Pa., Inc., Hillandale-Gettysburg, LLC., Hillandale Farms East, Inc., and Hillandale Farms, Inc, Daybreak Foods, Inc., Urner Barry Publications, Inc. d/b/a Expana, Egg Clearinghouse, Inc., United Egg Producers, and John Does 1-10. | |
| Defendants. | |

Pursuant to ECF No. 3 (ECF No. 84, in Case 3:26-md-03175), Plaintiff Cheesecake Funk LLC d/b/a Cheesecake Funk ("Plaintiff"), respectfully requests that its case[1] on behalf of Commercial Indirect Purchaser Plaintiffs be consolidated along with the other Consolidated Cases, rather than being stayed or dismissed.

Under the Federal Rules of Civil Procedure, an action that involves "a common question of law or fact" may be consolidated with other actions involving similar common questions. Fed. R. Civ. P. 42(a). When considering whether to consolidate, "courts typically balance judicial economy concerns with any countervailing considerations of equity." *Emerson v. Sentry Life Ins.*

---

[1] As the Court correctly recognized, Plaintiff's factual allegations, legal theories, and proposed classes here are substantively identical to the other two *Commercial Indirect Purchaser Plaintiff* Actions: (1) *Nineteenseventynine LLC v. Cal-Maine Foods, Inc., et al.,* Case No. 3:26-cv-00178 (W.D. Wis.) (Arizona Plaintiff), which is already part of the Consolidated Cases, and (2) *Philly Phlava Original Steaks and Hoagies v. Cal-Maine Foods, Inc., et al.,* Case No. 26-cv-00417 (W.D. Wis.) (Florida Plaintiff).

1

*Co.*, No. 18-CV-254-JDP, 2018 WL 4380988, at *2 (W.D. Wis. Sept. 14, 2018). These countervailing considerations include the differences in the stage of litigation of the actions, adding complication by consolidation, and prejudice by not consolidating. *See id*. at *2 –*3.  In light of these principles, consolidation—rather than dismissal or a stay—is the superior approach here.

First, consolidation in a circumstance like this is common practice.  *See*, *e.g.*, *City of Augusta v. Oshkosh Corp.*, No. 1:25-CV-01543-BBC, 2025 WL 3281780, at *1 (E.D. Wis. Nov. 25, 2025) ("Any later filed actions related to the . . . Actions will be subject to consolidation.").  In other words, "Pretrial proceedings" in "pending related cases or cases that may later be filed" in the same court "***should be coordinated or consolidated*** under Federal Rule of Civil Procedure 42(a)." *See* MANUAL FOR COMPLEX LITIG. R. 10.123 (emphasis added). This is particularly true in cases, like here, that are at a similar "early stage of litigation[.]"  *Cf. Emerson*, No. 18:-cv-379, 2018 WL 4380988, at *2 (W.D. Wis. 2018) (In deciding to refuse to consolidate, the Court explaining that cases at different stages of litigation weighs against consolidation).

Here, Plaintiff's action is at the same stage as the other Consolidated Cases,[2] and the other two[3] Commercial Indirect Purchaser Actions. Thus, all of the Consolidated Cases can move forward here in a single and coordinated stroke regarding motion practice, discovery, and reduce the risk of inconsistent rulings, ensuring increased judicial economy and reduced costs. Second, consolidation would facilitate simplicity, rather than complication. By ensuring that all pretrial matters are dealt with at the same time, again, judicial economy and efficiency are promoted. And finally, Defendants are not prejudiced in any way by granting consolidation, given all burdens

---

[2] The "Consolidated Cases" include actions brought on behalf of the three named Commercial Indirect Purchaser Plaintiffs mentioned above, along with (2) Direct Purchaser Plaintiffs and (3) Consumer Indirect Purchaser Plaintiffs.

associated with this litigation will be centralized and coordinated, and consolidating Plaintiff's case along with the other Consolidated Cases will not add any additional burden. In fact, Plaintiff understands that Defendants also support consolidation.

And second, a stay or dismissal here would present case management and prejudice problems against the Commercial Indirect Purchaser Plaintiffs. If consolidation is denied here in favor of a stay, for example, Defendants will be required to engage in additional efforts specific to Plaintiff later in litigation, resulting in inefficient duplication of efforts. And a dismissal here would, for example, effectively deny Minnesotans a class representative while permitting residents of other states to have a class representative, in an action that advances damage theories under various state laws. As this Court knows well, rather than under the federal Sherman Act, damage claims made by *indirect* purchaser plaintiffs are authorized under state laws that permit indirect purchasers to recover damages for antitrust violations, often referred to as "Illinois Brick repealer" laws. *See*, *e.g.*, *In re Opana ER Antitrust Litig.*, 162 F.Supp.3d 704, 722 (N.D. Ill. 2016) (explaining standing for damage purposes under the Sherman Act); *see also California v. ARC America Corp.*, 490 U.S. 93, 101–105 (The Supreme Court explaining that although indirect purchaser plaintiffs cannot recover damages under the Sherman Act, they can recover damages under state antitrust laws where the state law allows for doing so). Because indirect purchaser plaintiffs can only recover damages arising in an "Illinois Brick repealer" state, the Commercial Indirect Purchaser Plaintiffs intend to include as many named Plaintiffs from as many of those states as possible in their upcoming Consolidated Complaint. Dismissing Plaintiff would prejudice the Commercial Indirect Purchaser Plaintiffs in doing so.

Simply put, Plaintiff's action should be consolidated with the Consolidated Cases. *See* MANUAL FOR COMPLEX LITIG. R. 10.123 ("Pretrial proceedings" in "pending related cases

or cases that may later be filed" in the same court "***should be coordinated or consolidated*** under Federal Rule of Civil Procedure 42(a).") (emphasis added). The other Commercial Indirect Purchaser Plaintiffs agree, and the Defendants agree.

For the above reasons, Plaintiff respectfully requests that this Court (1) consolidate its Action along with the current Consolidated Cases, (2) consolidate the *Philly Phlava Original Steaks and Hoagies v. Cal-Maine Foods, Inc., et al.,* Case No. 26-cv-400 (W.D. Wis.) Action with the current Consolidated Cases, and (3) consolidate all later filed actions related to the Consolidated Cases.

Dated: May 6, 2026                                 Respectfully submitted,

                                                   */s/ Abou B. Amara, Jr.*

                                                   Abou B. Amara, Jr. (WI Bar #1135419)
                                                   Daniel E. Gustafson
                                                   Daniel C. Hedlund
                                                   Michelle J. Looby
                                                   Joshua J. Rissman
                                                   Melanie Miller Kapanke
                                                   **GUSTAFSON GLUEK PLLC**
                                                   120 So. Sixth St., Ste. 2600
                                                   Minneapolis, MN 55402
                                                   Telephone: (612) 333-8844
                                                   Facsimile: (612) 339-6622
                                                   aamara@gustafsongluek.com
                                                   dgustafson@gustafsongluek.com
                                                   dhedlund@gustafsongluek.com
                                                   mlooby@gustafsongluek.com
                                                   jrissman@gustafsongluek.com
                                                   mmiller@gustafsongluek.com

                                                   ***Attorneys for Plaintiff and the Proposed Classes***

4